IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RANDY WROBLEWSKI,

                              Plaintiff,                                OPINION AND ORDER

        v.                                                                       25-cv-624-wmc

DANIEL SCHROEDER, BRONWYN BALDWIN,
MICHELLE ZACCARD AND GRACE KNUTSON,

                              Defendants.

Plaintiff Randy Wroblewski was convicted of first-degree sexual assault of a child in 2007. Following his release from prison to extended supervision, he was placed on mandatory lifetime GPS monitoring. Under Wisconsin law, however, Wroblewski was not subject to a lifetime of GPS monitoring. Nonetheless, despite Wroblewski's requests that the Wisconsin Department of Corrections correct its error, he was subjected to nearly two years of GPS monitoring before DOC corrected its mistake and released him from the monitoring. Wroblewski then filed this lawsuit, claiming that the DOC's continuation of GPS monitoring after being notified of the error amounted to an unreasonable search under the Fourth Amendment.

Before the court is defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a Fourth Amendment claim, failure to allege sufficient personal involvement by defendants and qualified immunity. Even accepting the allegations in plaintiff's complaint as true, the court agrees with defendants that his claims implicate state law, not a federal constitutional claim under the Fourth Amendment. Moreover, given the uncertainty of federal law on this subject, defendants would be entitled

to qualified immunity.  Accordingly, the court will grant defendants' motion and plaintiffs' claims will be dismissed.

## UNDISPUTED FACTS[1]

Under Wisconsin law, first-degree sexual assault of a child can entail either sexual intercourse or "sexual contact."  During his criminal trial, all involved parties used the term "sexual contact" to describe Wroblewski's offensive conduct, including during voir dire, opening statements, trial material, closing statements and the judge's jury instructions. Moreover, the jury convicted Wroblewski of having had sexual contact with a child, for which he was sentenced to 15 years in prison, to be followed by 15 years of extended supervision.

On March 15, 2022, Wroblewski was released from prison to extended supervision. Under Wisconsin law, individuals convicted of a child sex offense are subjected to electronic monitoring upon release from prison:  (1) if they have committed a Level One or Level Two child sex offense, in which case Wis. Stat. § 301.48 mandates the imposition of a lifetime of GPS monitoring *or* (2) if the Department of Corrections ("DOC") determines in the exercise of reasonable discretion that the person's risk of future offense renders GPS monitoring appropriate.  Wroblewski was initially placed on discretionary GPS monitoring for 90 days following his release, but DOC's Sex Offender Registry Program ("SORP") mistakenly later informed him that a lifetime of GPS monitoring was

---

[1] The following allegations are drawn from plaintiffs' complaint and accepted as true for purposes of resolving defendants' pending motion to dismiss.  *McCray v. Wilkie*, 966 F.3d 616, 618 (7th Cir. 2020).

mandated in his case.  More specifically, a Corrections Program Specialist for the Sex Offender Registry, Katherine Mears, had incorrectly determined that Wroblewski had been convicted of having sexual intercourse with a child, which classified him as a Level One child sex offender subject to mandatory lifetime GPS monitoring.

On August 30, 2022, Brittany Lee, acting as an advocate for Wroblewski, emailed Mears on his behalf to request that he be taken off GPS monitoring.  In her letter attached to the email, Lee further detailed the reasons why Wroblewski did not meet the classification of a Level One child sex offender.  Her letter also offered to provide the trial transcripts, referred to various supporting documents, and listed the contents of each supporting document in an appendix.  The documents themselves were also embedded in a link at the end of Lee's email titled "DOC Documents."

After reading the email and letter from Lee, Mears clicked on the link to the supporting documents but was unable to access them.  Mears then forwarded Lee's communications to her supervisor at DOC, Daniel Schroeder, informing him that she had been unable to access the documents via the link.  She also forwarded Lee's communications to DOC's Office of Legal Counsel.  The email and letter were then reviewed by DOC attorneys Bronwyn Baldwin and Michelle Zaccard.  Now all named defendants, Schroeder, Baldwin, and Zaccard did not attempt to obtain the supporting documents Lee mentioned in her letter, nor did they contact Lee to inform her the link was inaccessible.  Instead, on October 27, 2022, DOC's SORP Director Grace Knutson emailed Lee that (1) the information she provided had been reviewed, and (2) Wroblewski was still required to be on GPS monitoring based on "state statute."

3

At some later point, Wroblewski retained Attorney Eric Schanowski to contest his lifetime GPS monitoring, and on May 24, 2024, Schanowski emailed to SORP the same documents previously referred to in Lee's August 2022 letter that definitively established Wroblewski was *not* a Level One sex offender.  On May 28, 2024, SORP replied that based on the "additional information" Attorney Schanowski had provided, SORP agreed a lifetime of monitoring was not required.  Thus, after nearly two years of GPS monitoring, Wroblewski's ankle bracelet was removed on May 28, 2024.

OPINION

Plaintiff contends that defendants violated the Fourth Amendment in subjecting him to mandatory GPS monitoring, despite receiving notice that he was "ineligible" for a lifetime of GPS monitoring.  In moving to dismiss, defendants argue that this act did not implicate the Fourth Amendment, and even if it did, they are entitled to qualified immunity.

To survive a motion to dismiss under Rule 12(b)(6), the complaint must allege facts that plausibly lead to a claim upon which relief could be granted. *Gogos v. AMS Mech. Sys.*, 737 F.3d 1170, 1172 (7th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  In resolving a Rule 12(b)(6) motion, the court assumes the truth of the complaint's well-pleaded factual allegations, construes the facts in the light most favorable to the nonmoving party, and draws all inferences in the favor of the nonmoving party. *Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016).  After review, the court concludes that defendants' motion must be granted.

4

## I.    Fourth Amendment Search

To begin, plaintiff's GPS monitoring via ankle bracelet was a search subject to the reasonableness requirements of the Fourth Amendment. *See Grady v. North Carolina*, 575 U.S. 306, 309 (2015) ("[A] State also conducts a search when it attaches a device to a person's body, without consent, for the purpose of tracking that individual's movements."). Whether the search was reasonable under the Fourth Amendment, however, "depends on the totality of the circumstances, including the nature and purpose of the search and the extent to which the search intrudes upon reasonable privacy expectations." *Id.* at 310.

As already discussed, plaintiff was subjected to GPS monitoring because he was a convicted sex offender on extended supervision.   Moreover, the Seventh Circuit has concluded that such a search *is* reasonable under the Fourth Amendment.  Specifically, in *Belleau v. Wall*, 811 F.3d 929 (7th Cir. 2016), the Seventh Circuit upheld the lifetime imposition of GPS monitoring on a sex offender under Wis. Stat. § 301.48 against a Fourth Amendment challenge.  *Id*. at 936.  In coming to this holding, the court first recognized that sex offenders have diminished privacy expectations, noting in particular that convicted sex offenders in Wisconsin -- even those *no longer* subject to parole or probation -- are already subject to sex offender registry requirements, which include public access to the sex offender's criminal history, home address and photograph under Wis. Stat. § 301.45(2). The Seventh Circuit further concluded that "persons convicted of crimes, especially very serious crimes such as sexual offenses against minors, and especially very serious crimes that have high rates of recidivism such as sex crimes, have a diminished reasonable constitutionally protected expectation of privacy." *Id.* at 936 (emphasis omitted).  Indeed,

given these statutory registry requirements, the court found that an offender's loss of privacy resulting from additional GPS monitoring was "slight" and "incremental," and that monitoring sex offenders on supervision would be "unassailable." As to the nature and purpose of the search, the Seventh Circuit explained that GPS monitoring advances Wisconsin's interest in reducing sex offender recidivism and reintegrating offenders into society without unduly burdening their reduced privacy expectations. *Id.* at 933–36; *see also Griffin v. Wisconsin*, 483 U.S. 868, 874 (1987) (parolees and probationers "do not enjoy 'the absolute liberty to which every citizen is entitled, but only . . . conditional liberty properly dependent on observance of special [probation] restrictions.'") (quoting *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)).

Similarly, the Supreme Court has held that conditions of release to supervision generally are a valid waiver of Fourth Amendment rights justifying searches of a released person with no warrant or suspicion. *Samson v. California*, 547 U.S. 843, 850 (2006); *see also United States v. Hagenow*, 423 F.3d 638, 643 (7th Cir. 2005) (*same*); *United States v. Barnett*, 415 F.3d 690, 691–92 (7th Cir. 2005) (sacrificing privacy on probation is constitutionally valid and less invasive of personal privacy than prison).

Applying this case law generally and *Belleau* in particular to this case, plaintiff's GPS monitoring was reasonable under the Fourth Amendment given his diminished expectation of privacy as a child sex offender on extended supervision and the state's interest in reducing sex offender recidivism and monitoring offenders upon release, particularly where children's safety is at stake. That plaintiff's GPS monitoring was not sanctioned by Wis. Stat. § 301.48 without some exercise of discretion by the DOC does not change the Fourth

6

Amendment analysis because, as the Seventh Circuit has explained, the reasonableness of lifetime GPS monitoring is not confined to only those who qualify as Level One offenders under Wis. Stat. § 301.48. To the contrary, "the Wisconsin legislature could, without violating the Fourth Amendment, make lifetime wearing of the anklet monitor a mandatory condition of supervised release for anyone convicted of sexual molestation of a child." *Belleau*, 811 F.3d at 935–936. Moreover, since a violation of state law only violates state law, not the Constitution, *Sabo v. Erickson*, 128 F.4th 836, 849 (7th Cir. 2025) (Easterbrook, concurring), whether Wis. Stat. § 301.48 was correctly applied to plaintiff does not change the Fourth Amendment analysis. *See Cooper v. California*, 386 U.S. 58, 61 (1967) ("Just as a search authorized by state law may be an unreasonable one under [the Fourth Amendment], so may a search not expressly authorized by state law be justified as a constitutionally reasonable one."); *Virginia v. Moore*, 553 U.S. 164, 176 (2008) ("state restrictions do not alter the Fourth Amendment's protections"); *Jackson v. Parker*, 627 F.3d 634, 640 (7th Cir. 2010) ("state law does not control the reasonableness inquiry under the Fourth Amendment"). Therefore, plaintiff's claim that he was misclassified as a Level One offender under state law does not give rise to a Fourth Amendment claim. Only a claim that he was unreasonably subject to GPS monitoring is subject to Fourth Amendment scrutiny, and because Seventh Circuit precedent establishes that GPS monitoring of sex offenders is reasonable where the offender's minimal privacy interest is outweighed by the government's interest, as here, plaintiff's complaint must be dismissed for failure to state a claim upon which relief can be granted.

## II.    Qualified Immunity

Defendants also assert that even if plaintiff has sufficiently stated a claim for a Fourth Amendment violation, his complaint should be dismissed because defendants are entitled to qualified immunity.  Generally, qualified immunity protects government officials from liability for civil damages arising from discretionary acts if their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  This doctrine is meant to protect "all but the plainly incompetent or those who knowingly violate the law."  *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Here, because the sole relief requested by plaintiff for the defendants' alleged Fourth Amendment violations is monetary damages, this case must also be dismissed if defendants are immune from suit under the doctrine of qualified immunity.

Once the defense of qualified immunity is asserted, the plaintiff "bears the burden of defeating it either by identifying a closely analogous case or by persuading the court that the conduct is so egregious and unreasonable that, notwithstanding the lack of an analogous decision, no reasonable officer could have thought he was acting lawfully." *Abbott v. Sangamon Cty.*, 705 F.3d 706, 723–724 (7th Cir. 2013).  Public officials cannot be said to have violated a clearly established right "unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Id*. at 778–779.  A right is clearly established when existing case law is tailored to the facts of the case at hand enough to place the "the

statutory or constitutional question beyond debate." *Ashcroft v. Al-Kidd*, 563 U.S. 731, 741 (2011).

Plaintiff first argues that defendants cannot assert a qualified immunity defense because their error in classifying him as a Level One offender was not a "discretionary act." However, an official has acted within the scope of his discretionary authority when "based on objective circumstances at the time he acted, his actions were undertaken pursuant to the performance of his duties and within the scope of his authority." *Coleman v. Frantz*, 754 F.2d 719, 728 (7th Cir. 1985). Here, according to plaintiff's allegations, defendants were acting within the scope of their employment with the DOC when they reviewed his placement on lifetime GPS monitoring. (Dkt. #1 at 2–3.) Therefore, even if mistaken under Wisconsin law, defendants are not barred from asserting a claim of qualified immunity.

Turning to the merits of the defense, plaintiff cites no analogous case law that would put defendants on notice that they were violating a clearly established Fourth Amendment right by continuing to subject plaintiff to GPS monitoring after being notified that he was not a Level One offender. Rather, the Seventh Circuit's decision in *Belleau* held the opposite. Further, it is not clearly established that DOC staff have a constitutional duty to correct known errors of state law that could implicate an offender's constitutional rights. *Sabo*, 128 F.4th at 846–848 (Easterbrook, concurring) ("it is black letter law that the Constitution does not require state employees to implement state rules correctly"). Because defendants cannot be said to have violated a "clearly established" right, they are

immune from this suit under the doctrine of qualified immunity, providing an independent ground to dismiss plaintiff's complaint.

ORDER

IT IS ORDERED that defendants' motion to dismiss for failure to state a claim (dkt. #7) is GRANTED.  Accordingly, the clerk of court is directed to enter judgment and close this case.

Entered this 17th day of February, 2026.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge